DUANE MORRIS LLP
Gregory P. Gulia (GG 4215)
Vanessa C. Hew (VH 4617)
380 Lexington Avenue
New York, New York 10168
(212) 692-1000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------X
ANTHROPOLOGIE, INC. and U.O.D., INC.,          :
                                                :
                              Plaintiffs,       :
                                                :
            -against-                           :
                                                :
FOREVER 21, INC.                                :
                                                :
                              Defendant.        :
------------------------------------------------------X

Civil Action No.

**COMPLAINT
AND JURY DEMAND**

ECF CASE

        Plaintiffs, Anthropologie, Inc. and U.O.D., Inc., by their undersigned attorneys, Duane

Morris LLP, for their Complaint allege as follows:

### SUBSTANCE OF THE ACTION

        1.        This is an action for copyright infringement, statutory unfair competition and

common law unfair competition and deceptive trade practices under the laws of the State of New

York. Plaintiffs bring this action based upon defendant's unauthorized past and current sales of

various garments that bear patterned images and color schemes that have been copied from and

infringe upon copyrighted patterns taken from clothing that was, is currently, or will be sold by

Plaintiffs at their Anthropologie stores, which provide the basis for Plaintiffs' claims for

copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., for unfair

competition under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §

Dockets.Justia.com

1125(a), and for substantial and related claims of unfair competition and deceptive trade practices under the laws of the State of New York. Plaintiffs seek injunctive relief and damages.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, Sections 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1338(a) and 1338(b), and under principles of supplementary jurisdiction. Venue properly lies in this District under Sections 1391(b) and 1391(c) of the Judicial Code, 28 U.S.C. §§ 1391(b) and 1391(c), because the defendant conducts business in and/or has substantial contacts with and/or may be found in the Southern District of New York, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

## PARTIES

3.    Plaintiff U.O.D., Inc. ("UOD") is a corporation duly organized and existing under the laws of Delaware with offices at 300 Delaware Avenue, Wilmington, Delaware 19801. Plaintiff UOD is the owner of copyrights in the design of certain women's garments (collectively "Plaintiffs' Copyrights"). Plaintiff Anthropologie, Inc. ("Anthropologie") is a corporation duly organized and existing under the laws of Pennsylvania with offices at 235 S 17th Street, Philadelphia, PA 19103-6315. Plaintiff Anthropologie, Inc. is the exclusive licensee of Plaintiffs' Copyrights. Plaintiffs are hereinafter collectively referred to as "Anthropologie" or "Plaintiffs."

4.    Upon information and belief, defendant Forever 21, Inc. (hereinafter, "Forever 21" or "Defendant") is a corporation duly organized and existing under the laws of Delaware, having its principal place of business at 2001 South Alameda Street, Los Angeles, California 90058.

2

<u>FACTS COMMON TO ALL CLAIMS FOR RELIEF</u>

A.    <u>Plaintiffs' Activities</u>

5.    Anthropologie is a leading seller of women's clothing and accessories. The Anthropologie® brand is well known and Anthropologie® brand products are sold throughout the country. Total sales of Anthropologie's women's apparel and accessories, home furnishings, gifts and decorative items were in excess of $395 million for the twelve-month period ending on January 31, 2006.

6.    Anthropologie tailors its merchandise and store environment to sophisticated and contemporary women. Anthropologie sells its women's apparel and other products at over 75 Anthropologie stores in the United States, as well as at the www.anthropologie.com website and through the Anthropologie catalog. Anthropologie's website accepts orders directly from consumers. Anthropologie mails the Anthropologie catalog directly to consumers who can place orders for direct delivery of Anthropologie's women's apparel and other products. In recent years, the circulation for the Anthropologie catalog was approximately 13.5 million.

7.    The extraordinary success of Anthropologie's products has engendered wide renown with the trade and the public, and the products sold under the Anthropologie brand have a reputation for having distinctive designs and being of the highest quality.

8.    Anthropologie created the original artwork, color cards and pattern designs for a garment to be sold at its Anthropologie stores. This skirt features copyrighted patterns and has been sold at Anthropologie retail stores at a retail price of $88.00. This skirt is referred to hereinafter as the "Anthropologie Skirt." Annexed hereto as Exhibit 1 are digital images of the Anthropologie Skirt.

3

9.    The Anthropologie Skirt contains material wholly original and created by Anthropologie. The Anthropologie Skirt constitutes copyrightable subject matter that is protected against unauthorized copying under the laws of the United States.

10.    On March 3, 2006, Plaintiff UOD filed with the U.S. Copyright Office its application to register copyrights in each of the articles of clothing that comprise the Anthropologie Skirt. A copyright registration for the Anthropologie Skirt was issued on March 7, 2006. Annexed hereto as Exhibits 2 and 3 respectively are a copy of the filing receipt for the copyright application and a copy of the Certificate of Registration, which were both issued by the U.S. Copyright Office.

11.    Anthropologie's women's clothing and products are currently available and sold to consumers throughout this District, this State and the United States.

B.    Defendant's Unlawful Activities

12.    Upon information and belief, Forever 21 is a retailer of clothing for women, which sells clothing directly to consumers in the United States and Canada.

13.    Upon information and belief, Forever 21 operates a chain of over 145 retail stores in the United States and Canada. According to a Dun & Bradstreet report, Forever 21's annual sales for 2004 were over $506 million.

14.    Upon information and belief, among the items that were sold or are currently being sold by Defendant is a skirt featuring a pattern, fabric and color scheme that is identical or virtually identical to the pattern, fabric and color scheme featured in the copyrighted Anthropologie Skirt (the "Infringing Skirt(s)"). Annexed hereto as Exhibit 4 are digital photographs of the Infringing Skirt. The Infringing Skirt first sold after the Anthropologie Skirt

had been sold at Anthropologie retail stores. Upon information and belief, the Infringing Skirt sold at $24.80, which is approximately 28 percent of the retail price of the Anthropologie Skirt.

15.    Upon information and belief, the Infringing Skirt has been sold to consumers throughout this District, this State and the United States.

16.    Upon information and belief, Defendant had access to the Anthropologie Skirt, intentionally copied or caused to be copied the patterns and color schemes, and used identical, or nearly identical, fabrics for the Infringing Skirt. Upon information and belief, Defendant copied or caused to be copied the Anthropologie Skirt for the specific purpose of infringing Plaintiffs' Copyright and selling illegal and unauthorized copies of the Anthropologie Skirt.

17.    Upon information and belief, Defendant is attempting to pass its product off as Plaintiffs' product in a manner calculated to deceive Plaintiffs' customers and members of the general public in that Defendant has copied or caused to be copied the Anthropologie Skirt in an effort to make Defendant's infringing products confusingly similar to Plaintiffs' products and/or pass off Defendant's products as Plaintiffs' own products.

18.    Upon information and belief, Plaintiffs have lost and will continue to lose substantial revenues from the sale of the Anthropologie Skirt and other products and will sustain damage as a result of Defendant's wrongful conduct and Defendant's production and sale of the Infringing Skirt. Defendant's wrongful conduct has also deprived and will continue to deprive Plaintiffs of opportunities for expanding their goodwill. Upon information and belief, unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from the Anthropologie Skirt and works derived therefrom.

19.    Defendant may have advertised or promoted the sale of the Infringing Skirt through one or more methods.

20.    Upon information and belief, Defendant operates a website located at www.forever21.com. Upon information and belief, consumers may purchase items directly from this website. Defendant may have sold the Infringing Skirt on the www.forever21.com website.

21.    As a direct and proximate result of the acts of Defendant alleged above, Plaintiffs have already suffered irreparable damage and have sustained lost profits. Plaintiffs have no adequate remedy at law to redress all of the injuries that Defendant has caused and intends to cause by its conduct. Plaintiffs will continue to suffer irreparable damage and sustain lost profits until Defendant's actions alleged above are enjoined by this Court.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)

22.    Plaintiffs reallege paragraphs 1 through 21 above and incorporate them by reference as if fully set forth herein.

23.    The Anthropologie Skirt is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. UOD is currently, and at all relevant times has been, the sole and exclusive owner of all rights, title and interests in and to the Anthropologie Skirt, which was registered in the United States Copyright Office under Registration No. VA1-340-836.

24.    Upon information and belief, as a result of the open use, display and sales of the copyrighted Anthropologie Skirt, Defendant had access to the Anthropologie Skirt prior to the sale or distribution of Defendant's Infringing Skirt.

25.    Upon information and belief, Defendant, without the permission or authorization of Plaintiffs, has continued to reproduce original elements of the copyrighted Anthropologie

6

Skirt and to promote and offer for sale the Infringing Skirt, which incorporates original elements of the Anthropologie Skirt.

26.    Upon information and belief, Defendant has profited from the sales of the Infringing Skirt, which is identical or virtually identical to Plaintiffs' copyrighted Anthropologie Skirt.

27.    Upon information and belief, unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, distribute and otherwise profit from Anthropologie's copyrighted Anthropologie Skirt.

28.    The natural, probable and foreseeable result of Defendant's wrongful conduct has been and continues to be to deprive Anthropologie of the rights and benefits granted to it under copyright, including the exclusive right to use, reproduce and exploit Plaintiffs' Copyright in the Anthropologie Skirt and to create derivative works based on the designs, and to deprive Anthropologie of the good will in the Anthropologie Copyright, and to injure Anthropologie's relations with present and prospective customers.

29.    By its actions, as alleged above, Defendant has infringed and violated Anthropologie's exclusive rights under copyrights in violation of the Copyright Act, 17 U.S.C. §501, by producing, distributing and selling garments that bear images and color schemes and employ fabrics that are strikingly, or substantially, similar to Anthropologie's copyrighted Anthropologie Skirt, all without Anthropologie's authorization or consent.

30.    Upon information and belief, Defendant's infringement of Plaintiffs' Copyright is willful and deliberate and Defendant has profited at the expense of Anthropologie.

31.    Defendant's conduct has caused and will continue to cause irreparable injury to Anthropologie unless enjoined by this Court. Anthropologie has no adequate remedy at law.

7

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

32.    Plaintiffs reallege paragraphs 1 through 31 above and incorporate them by reference as if fully set forth herein.

33.    The Infringing Skirt sold by Defendant uses copies, variations, simulations or colorable imitations of Plaintiffs' Anthropologie Skirt and constitutes false designations of origin, false descriptions and representations of goods sold by Defendant and false representations that Defendant's goods are sponsored, endorsed, licensed or authorized by, or affiliated or connected with Plaintiffs.

34.    Upon information and belief, Defendant has used a copy, variation, simulation or colorable imitation of Plaintiffs' Anthropologie Skirt with full knowledge of Plaintiffs' Copyright in the Anthropologie Skirt.

35.    Upon information and belief, Defendant has knowingly adopted and used a copy, variation, simulation or colorable imitation of Plaintiffs' Anthropologie Skirt with full knowledge of Plaintiffs' Copyright in the Anthropologie Skirt.

36.    Defendant's acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

37.    Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

38.    Plaintiffs reallege paragraphs 1 through 37 above and incorporate them by reference as if fully set forth herein.

8

39.     Upon information and belief, Defendant was aware of Plaintiffs' prior sale of the Anthropologie Skirt, and adopted and used the Infringing Skirt in disregard of Plaintiffs' prior intellectual property rights. Upon information and belief, the sale by Defendant of the Infringing Skirt has resulted in the misappropriation of and trading upon Plaintiffs' good will and business reputation at Plaintiffs' expense and at no expense to Defendant. The effect of Defendant's misappropriation of the Plaintiffs' goodwill symbolized by the Anthropologie Skirt is to unjustly enrich Defendant, damage Plaintiffs and confuse and/or deceive the public. .

40.     The Defendant's conduct constitutes unfair competition with Plaintiffs, all of which has caused and will continue to cause irreparable injury to Plaintiffs' goodwill and reputation unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)

41.     Plaintiffs reallege paragraphs 1 through 40 above and incorporate them by reference as if fully set forth herein.

42.     By reason of the acts and practices set forth above, Defendant has and is engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods and/or services, in violation of § 349 of the New York General Business Law.

43.     The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by the Defendant.

44.     Unless enjoined by the Court, Defendant will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Plaintiffs. The Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment as follows:

1.     Preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a)     manufacturing, selling, distributing, advertising, promoting or authorizing any third party to manufacture, sell, distribute, advertise or promote the Infringing Skirt or any other item that infringes Plaintiffs' rights;

(b)     directly or indirectly infringing Plaintiffs' Copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Anthropologie Skirt or Plaintiffs' Copyright or to participate or assist in any such activity;

(c)     continuing to market, offer, sell, dispose of, license, transfer, exploit, advertise, promote, reproduce, develop, manufacture, import, or contribute to or actively participate in the marketing, offering, sale, disposition, licensing, transferring, exploiting, advertising, promotion, reproduction, development, manufacture or importation of any products that bear, contain or incorporate any unauthorized copy or reproduction of the copyrighted Anthropologie Skirt or any design substantially similar thereto or derived therefrom;

(d)     selling, using or authorizing any third party to sell or use any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' Anthropologie Skirt in any manner or form, or the marketing, advertising or promotion of same;

10

(e)     imitating, copying or making any unauthorized use of Plaintiffs'
Anthropologie Skirt or any copy, simulation, variation or imitation
thereof;

(f)     making or displaying any statement or representation that is likely to lead
the public or the trade to believe that Defendant's goods are in any manner
associated or affiliated with or approved, endorsed, licensed, sponsored,
authorized or franchised by or are otherwise connected with Plaintiffs;

(g)     using or authorizing any third party to use in connection with the
rendering, offering, advertising, promotion or importing of any goods, any
false description, false representation, or false designation of origin, or any
marks, names, words, symbols, devices or trade dress which falsely
associate such goods or services with Plaintiffs or tend to do so;

(h)     diluting the distinctive quality of Plaintiffs' Anthropologie Skirt;

(i)     registering or applying to register as a copyright, trademark, service mark,
trade name or other source identifier or symbol of origin any copyright,
mark, trade dress or name that infringes on or is likely to be confused with
Plaintiffs' Copyright or marks;

(j)     engaging in any other activity constituting unfair competition with
Plaintiffs, or constituting an infringement of Plaintiffs' rights;

(k)     aiding, assisting or abetting any other party in doing any act prohibited by
sub-paragraphs (a) through (j).

11

2. Requiring Defendant to formally abandon with prejudice any and all applications to register any copyrights consisting of, or containing, any aspect of the Infringing Skirt either alone or in combination with other words and/or designs.

3. Requiring Defendant to formally abandon with prejudice any and all applications to register any trademark or service mark consisting of any aspect of the Infringing Skirt either alone or in combination with other words and/or designs.

4. Requiring Defendant to recall immediately the Infringing Skirt and any and all advertisements therefor, from all of its distributors, retail establishments or wholesale establishments wherever located in the U.S., and to direct all such distributors, retail establishments or wholesale establishments to cease forthwith the distribution or sale of the Infringing Skirt, and to immediately remove the Infringing Skirt from public access.

5. Directing that Defendant deliver for destruction all products and goods, advertisements for such, and other related materials in its possession, or under its control, incorporating or bearing simulations, variations or colorable imitations of Plaintiffs' Anthropologie Skirt, used alone or in combination with other words and/or designs.

6. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Defendant is authorized by Plaintiffs or related in any way to Plaintiffs' products.

7. Directing that Defendant file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

8.    Awarding Plaintiffs such damages as they have sustained or will sustain by reason of Defendant's copyright infringement, unfair competition, and unfair trade practices.

9.    Awarding Plaintiffs all gains, profits, property and advantages derived by Defendant from such conduct; and pursuant to 15 U.S.C. § 1117, awarding Plaintiffs an amount up to three times the amount of the actual damages sustained as a result of Defendant's violation of the Lanham Act.

10.    Awarding Plaintiffs all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, in lieu thereof, should Plaintiffs so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. § 504(c), including damages for willful infringement of up to $150,000 for each infringement.

11.    Awarding Plaintiffs such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement.

12.    Awarding Plaintiffs their costs and disbursements incurred in this action, including their reasonable attorneys' fees, as provided in 17 U.S.C. § 505 and 15 U.S.C. § 1117.

13.    Awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: New York, N.Y.
       March 30, 2006

                         Respectfully submitted,

                         DUANE MORRIS LLP

                         By: _____

                              Gregory P. Gulia (GG 4215)
                              Vanessa Hew (VH 4617)
                              380 Lexington Avenue
                              New York, New York  10168
                              (212) 692-1000

                              Attorneys for Plaintiffs
                              Anthropologie, Inc. and U.O.D., Inc.

DM2\661646.1

14